Esther Ajootian *vs.* Michael N. Cardarelli, C.T.

AUGUST 13, 1954.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

346

CAPOTOSTO, J. This is a petition for the assessment of damages to petitioner's land resulting from the application of a zoning ordinance of the city of Providence. A substantial demurrer by respondent was sustained in the superior

court and the case is before us on the petitioner's exception to that decision.

The petition alleges that Esther Ajootian was the owner in fee of three specifically described lots of land on Manton avenue in Providence. In September 1951, before the enactment of ordinance 691, being chapter 544 of the city ordinances, that land was zoned for business uses. Ordinance 691, here in question, changed the use of the land from business to residential purposes for two-family houses. The petition further alleges that "due to the high grade, extreme high slope in the back, the rock and ledge" the land was unsuitable for dwellings, and that by the change prescribed by ordinance 691 all the usefulness and benefits of petitioner's land "was taken by the City of Providence for public uses," leaving to her only "the bare legal title thereof." The prayer of the petition, in which she tenders a deed of the land to the city, is that a jury assess the damages for the loss of the beneficial use of the land described and "taken" by the city. The principal grounds of respondent's demurrer were, first, that the petition did not state a cause of action; and, secondly, that if it did, petitioner had not exhausted other remedies available to her under the law.

The petitioner makes no claim that the ordinance is unconstitutional or otherwise invalid. She also admits that she can cite no legal authority in support of the present proceedings. In the final analysis the real issue here is one of pleading, namely, whether by its demurrer the city admitted such a *taking* of petitioner's land as to entitle her to compensation.

Examination of the petition shows that the pleader artfully mingled allegations of fact with conclusions of law or of mixed law and fact. It is sufficient for us to say here that the statements in the petition respecting a taking of petitioner's land for public use are clearly of the latter character and were not admitted by the respondent's demurrer which, according to well-settled law, admits only

348

the facts that are well pleaded. Since petitioner's claim that respondent admitted taking her land for public use involves conclusions of law, it is unnecessary to discuss the cases cited by her in which compensation was awarded where property was in fact taken for such use.

Ingenuity of counsel in the instant case utterly fails to persuade us to depart from the well-established rules consistently applied by this court where a landowner seeks relief from the strict application of the provisions of an admittedly constitutional and otherwise valid ordinance. If the petitioner here feels that such an ordinance imposes an undue hardship in the use of her land, she has the right to present her claim for adjudication in an orderly manner by following the procedure approved in similar cases, rather than resorting to a speculative innovation unsupported by any authority. Her present procedure would seriously prejudice a municipality in the enactment and administration of a valid zoning ordinance deemed necessary in the protection of the common welfare.

The petitioner's exception is overruled, the decision of the trial justice on respondent's demurrer is sustained, and the case is remitted to the superior court for further proceedings.

*George Ajootian*, for petitioner.

*William E. McCabe*, City Solicitor, *James J. Corrigan*, Ass't City Solicitor, for respondent.